| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address<br><br>**NEXUS BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949-312-1377<br>Fax: 949-288-2054<br>*ben@nexusbk.com*<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor* | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**JONATHAN WALTER HOFFMANN,**<br><br>　　　　　Debtor.<br><br><br><br><br><br><br><br><br><br>　　　　　　　　　　　　　Debtor(s). | CASE NO: **6:26-bk-11290-MH**<br><br>CHAPTER: **13** |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)** |
| | DATE: **May 26, 2026**<br>TIME: **11:00 AM**<br>COURTROOM: **6C**<br>PLACE: **411 West Fourth Street**<br>　　　　**Santa Ana, CA 92701** |

**Movant: <u>JONATHAN WALTER HOFFMANN</u>**

1.　NOTICE IS HEREBY GIVEN to **SHELLPOINT MORTGAGE SERVICING** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties),  their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2.　**Hearing Location:**

　☐ **255 East Temple Street, Los Angeles, CA 90012**　　☒ **411 West Fourth Street, Santa Ana, CA 92701**
　☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**　☐ **1415 State Street, Santa Barbara, CA 93101**
　☐ **3420 Twelfth Street, Riverside, CA 92501**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3.   a.   ☐   This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

     b.   ☒   This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☒ at the hearing **OR** ☒ at least **0** days before the hearing.

          (1)  ☒   An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

          (2)  ☐   An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

          (3)  ☐   An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4.   You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.   If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:   **May 12, 2026**

**NEXUS BANKRUPTCY**
Printed name of law firm

**Benjamin Heston**
Printed name of individual Movant or attorney for Movant

**/s/Benjamin Heston**
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant: <u>JONATHAN WALTER HOFFMANN</u>**

1. **The Property or Debt at Issue:**

   a. ☒  Movant moves for an order imposing a stay with respect to the following property (Property):

   ☐  Vehicle *(describe year, manufacturer, type, and model)*:
   Vehicle Identification Number:
   Location of vehicle *(if known)*:

   ☐  Equipment *(describe manufacturer, type, and characteristics)*:
   Serial number(s):

   Location *(if known)*:

   ☐  Other Personal Property *(describe type, identifying information, and location)*:

   ☒  Real Property
   Street Address: **209 Saratoga Ave**
   Apt./Suite No.:
   City, State, Zip Code: **Placentia, CA 92870**

   Legal description or document recording number(include county of recording):

   ☐ See attached continuation page

The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) **Shellpoint Mortgage Servicing** (PO Box 10826, Greenville, SC 29603) to secure the sum of approximately **$832,047** now owed. (Secured Creditor/Lessor).  Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐  Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐  Movant moves for an order **imposing a stay** as to *all creditors.*

   d. ☒  Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*, and/or

   e. ☒  Movant moves for an order **continuing the automatic stay** as to *all creditors*.

2. **Case History:**

   a. ☒ A voluntary   ☐ An involuntary petition concerning an individual[s] under chapter   ☐ 7  ☐ 11  ☐ 12

   ☒ 13 was filed concerning the present case on *(specify date)*: **April 26, 2026**

   b. ☐ An Order of Conversion to Chapter   ☐ 7  ☐ 11  ☐ 12  ☐ 13 was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

d.   ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

   1.   Case name: **In re Jonathan Walter Hoffmann**
        Case number: **6:26-bk-10517-MH**       Chapter: **13**
        Date Filed: **February 20, 2026**       Date dismissed: **March 25, 2026**
        Relief from stay re this Property       ☐ was       ☒ was not granted
        Reason for dismissal:

        **Dismissed for failure to file case commencement documents.**

   2.   Case name:
        Case number:                    Chapter:
        Date Filed:                      Date dismissed:
        Relief from stay re this Property       ☐ was       ☐ was not granted
        Reason for dismissal:

        ☐ See attached continuation page

e.   ☐ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2).  If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f.   ☒ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **June 16, 2026** and the court ☐ has ☐ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2).  The extended date *(if applicable)* is __.

g.   ☐ In a previous case(s), as of the date of dismissal there was:
        ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
        ☐ such action had been resolved by an order terminating, conditioning, or limiting the stay as to such creditor.

3.   The equity in the property is calculated as follows:

a)  1.   Propery description/value: **209 Saratoga Ave, Placentia, CA 92870**      **$1,300,000**
    2.   Creditor/Lien amount: **Shellpoint Mortgage Servicing**                  **$832,047**
    3.   Creditor/Lien amount: **Highland Mariposa HOA**                          **$27,860**
    4.   Creditor/Lien amount: **Internal Revenue Service**                       **$88,907**
    5.   Creditor/Lien amount:                                                    **$**
    6.   Total Liens                                                              **$948,814**
    7.   Debtor's Homestead Exemption                                            **$746,375**
    8.   Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) **($395,189)**

b)  1.   Propery description/value: __                                            $__
    2.   Creditor/Lien amount:__                                                  $__
    3.   Creditor/Lien amount:__                                                  $__
    4.   Creditor/Lien amount:__                                                  $__
    5.   Creditor/Lien amount:                                                    $__
    6.   Total Liens                                                              $__
    7.   Debtor's Homestead Exemption                                            $__
    8.   Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $__

        ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.   **Grounds for Continuing the Stay:**

a.   ☒  Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1.   ☒  The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

A.   ☒  The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

B.   ☒  Good faith is shown because:

**The prior case was filed by Debtor without counsel in an attempt to stop foreclosure proceedings and preserve Debtor's ability to either cure the mortgage arrears or sell the property. Debtor ultimately realized that he was unable to properly complete a Chapter 13 case without legal representation. Debtor retained current counsel, but ultimately determined it would be more practical and efficient to allow the prior case to be dismissed and refile a complete and properly prepared Chapter 13 case.**

*See attached Declaration of Jonathan Walter Hoffmann.*

☐  See attached continuation page

2.   ☒  The Property is of consequential value or benefit to the estate because:

A.   ☒  The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);.*

B.   ☒  The Property is necessary to a reorganization for the following reasons:

**The Property is Debtor's residence and is inherently necessary for reorganization. <u>In re Elmore</u>, (BC CD CA 1988) 94 BR 670, 677.**

☐  See attached continuation page

C.   ☒  The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:)

**The Property has a substantial equity cushion. <u>In re Mellor</u>, (9th Cir. 1984) 734 F2d 1396, 1400; <u>Matter of Plaza Family Partnership</u>, (ED CA 1989) 95 BR 166, 171; <u>In re Helionetics, Inc.</u> (BCCD CA 1987) 70 BR 433, 440; <u>In re Southerton Corp.</u> (MD PA 1982) 46 BR 391, 399.**

☐  See attached continuation page

3.   ☒  The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

A.   ☐  The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

B.   ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

C.   ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

☐  See attached continuation page

D.   ☐  Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

F. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

**Debtor intends to sell the residence by approximately month 9 of the plan in order to satisfy the secured claims. This will allow him to make continuing monthly plan payments to address priority claims.**

*See attached Declaration of Jonathan Walter Hoffmann.*

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: __ .

☐ See attached continuation page

3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: __

☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

2. ☐ Good faith is shown because __

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __

   ☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

   ☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

   ☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

   (from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

   ☐ See attached continuation page

6. ☐ For the following additional reasons __

   ☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

   ☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

   b. ☒ Other Declaration(s) are also attached in support of this Motion

   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __.

   d. ☒ Other evidence *(specify)*: **Debtor's Chapter 13 Plan, Schedules I & J**

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following *(specify forms of relief requested)*:**

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: May 12, 2026

Respectfully submitted,

**Jonathan Walter Hoffmann**
Movant Name
**Nexus Bankruptcy**
Firm Name of attorney for Movant (if applicable)

**/s/Benjamin Heston**
Signature
**Benjamin Heston**
Printed Name of Individual Movant or Attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

NEXUS BANKRUPTCY
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re:

JONATHAN WALTER HOFFMANN,

Debtor.

Case No: 6:26-bk-11290-MH

Chapter 13

**DECLARATION OF JONATHAN WALTER HOFFMANN IN SUPPORT OF MOTION TO CONTINUE STAY**

I, Jonathan Walter Hoffmann, declare as follows:

1. I am the Debtor in the above-captioned Chapter 13 case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. In February 2026, I filed a prior Chapter 13 bankruptcy case without an attorney. My primary goal in filing that case was to stop foreclosure proceedings and preserve my ability to either cure the mortgage arrears or sell the property to take out the equity.

3. At the time I filed the prior case, I planned to represent myself in my bankruptcy. However, as I attempted to complete the required documents, I realized that navigating a Chapter 13 case without legal training was significantly more difficult than I anticipated.

4. On March 13, 2026, the final day to file the remaining commencement documents, I retained my current attorney, Benjamin Heston, for assistance. A motion seeking additional time to file the required documents was filed and granted a few hours later.

5. After reviewing the status of the case and the amount of incomplete information and documentation, my counsel and I determined that it would be substantially more practical

1

and efficient to allow the prior case to be dismissed and then refile a complete and properly prepared Chapter 13 case from the beginning.

6. Prior to dismissal of the prior case, my counsel appeared at the meeting of creditors and informed trustee's counsel, Linda Conway, that we intended to allow the case to be dismissed rather than continue attempting to proceed with an incomplete filing. Before I was able to file a voluntary dismissal, the Court entered its dismissal order.

7. I filed the present Chapter 13 case in good faith and with the intention of completing a my Chapter 13 plan. Unlike the prior case, I am now represented by counsel and have filed substantially more complete and organized schedules, statements, and a Chapter 13 plan which provides for full payment of secured and priority claims.

8. I am currently involved in a pending divorce proceeding and intend to sell my residence during the Chapter 13 case. Based on the current circumstances, I estimate that the sale will by month 9 of the Chapter 13 plan.

9. I understand that my monthly income is presently not sufficient to fully cure the mortgage arrears, HOA debt, and IRS secured tax claim solely through monthly plan payments over sixty months. Accordingly, my Chapter 13 plan proposes that those secured obligations be satisfied through the sale of the property. Additionally, the priority claims will be paid out in monthly installments over the five-year term of the plan.

10. I believe the present Chapter 13 plan is feasible and was filed in good faith. I respectfully request that the Court continue the automatic stay so that I may proceed and obtain relief under the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 12, 2026

_____
JONATHAN WALTER HOFFMANN

2
DECLARATION OF JONATHAN WALTER HOFFMANN

# Attachment 6(d)
# Chapter 13 Plan, Schedule I & J

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>**NEXUS BANKRUPTCY**<br>Benjamin Heston (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br><br>☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor(s)* | FOR COURT USE ONLY |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br><br>JONATHAN WALTER HOFFMANN,<br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: **8:26-bk-11290-MH**<br><br>CHAPTER 13 |
| | <div align="center">**CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ __ Amended*<br><br>*list below which sections have been changed:<br><br>_____<br><br>[FRBP 3015(b); LBR 3015-1]</div> |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>**Date:**   June 16, 2026<br>**Time:**    9:00 AM<br>**Address:**   Zoom video meeting<br>        Go to Zoom.us/join<br>        Enter Meeting ID 879 620 7359<br>        Passcode 2248891822, OR<br>        call 1 657 222 4207 |
| | **PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>**Date:**   July 2, 2026<br>**Time:**    11:00 AM<br>**Courtroom:** 6C<br>**Address:**   411 West Fourth Street<br>        Santa Ana, CA 92701 |

<div align="center">

***"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.***
***"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.***

</div>

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PART 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

    **1.1**    **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
        ☐ **Included**   ☑ **Not Included**

    **1.2**    **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
        ☐ **Included**   ☑ **Not Included**

    **1.3**    **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
        ☐ **Included**   ☑ **Not Included**

    **1.4**    **Other Nonstandard Plan provisions, set out in Section IV:**
        ☑ **Included**   ☐ **Not Included**

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PART 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### SECTION I. PLAN PAYMENT AND LENGTH OF PLAN

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 28th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015 1(k)(1)(A)).

Payments by Debtor of:

__$1,310__  per month for months __1__ through __60__ totaling __$78,600__
__$259,443__ in month __9__

For a total plan length of __60__ months, totaling __$338,043__

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is **$149,509**.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

    a.  ☑  **"Percentage" plan: 0%** of the total amount of these claims, for an estimated total payment of **$0**.

    b.  ☑  **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of **$0** and **0%** to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

    a.  the sum of **$0**, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

    b.  if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of **$0**, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits Of Account # | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## SECTION II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

## A.  ORDER OF PAYMENT OF CLAIMS:

1st  If there are Domestic Support Obligations, the order of priority will be:

(a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b)  Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(c)  The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(d)  Administrative expenses (Class 1(a)) until paid in full.

2nd  Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

3rd  Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                   Page 4                                   **F 3015-1.01.CHAPTER13.PLAN**

**B. CLASSIFICATION AND TREATMENT OF CLAIMS:**

## CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, IF ANY | TOTAL PAYMENT |
|---|---|---|---|
| **a. Administrative expenses** | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)  Attorney's Fees | $7,063 | | $7,063 |
| (3)  Chapter 7 Trustee's Fees | | | |
| (4)  Other | | | |
| (5)  Other | | | |
| **b. Other priority claims** | | | |
| (1)  Internal Revenue Service | $56,482 | 0% | $56,482 |
| (2)  Franchise Tax Board | $8,000 | 0% | $8,000 |
| (3)  Domestic Support Obligation | | | |
| (4)  Other | | | |
| **c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** *(specify creditor name)* | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ **None**. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| SHELLPOINT MORTGAGE SERVICING | 6467 | $113,000 | 0% | $12,556 | $113,000 | ☐ Trustee ☑ Debtor |
| HIGHLAND MARIPOSA HOA | 4685 | $27,860 | 10% | $3,328 | $29,950 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

# CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR
*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

_____

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN

*Check one.*

☑    **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐    Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a)    Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i)    Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii)    Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b)    Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

.  ☐  See attachment for additional claims in Class 3B.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3C

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☑ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

#### *IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE*

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **INTERNAL REVENUE SERVICE** | **6212** | **$88,907** | **6%** | **$10,323** | **$92,908** |

#### *CURE AND MAINTAIN CLAIMS*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 3C.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☑    **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐    Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CURE OF DEFAULT | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | |

☐ See attachment for additional claims in Class 4.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

Allowed non-priority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

## SEPARATE CLASSIFICATION:

*Check all that apply if Debtor proposes any separate classification of non-priority unsecured claims.*

☑ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

## CLASS 5B

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

## CLASS 5C

☐ **Other separately classified non-priority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

☐ See attachment for additional claims in Class 5.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above

| CREDITOR NAME | DESCRIPTION |
|---|---|
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (identify the contract or lease at issue and the other party(ies) to the contract or lease):

**Creditor name:** _____
**Description:** _____
    ☐ **Rejected**   ☐ **Assumed; cure amount (if any): _____,**
             **to be paid over _____ months**
**Creditor name:** _____
**Description:** _____
    ☐ **Rejected**   ☐ **Assumed; cure amount (if any): _____,**
             **to be paid over _____ months**

**Payments to be cured within ____ months of filing the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## SECTION III. PLAN SUMMARY

| | |
|---|---:|
| **CLASS 1a** | **$7,063** |
| **CLASS 1b** | **$64,482** |
| **CLASS 1c** | **$0** |
| **CLASS 2** | **$142,950** |
| **CLASS 3B** | **$0** |
| **CLASS 3C** | **$92,908** |
| **CLASS 3D** | **$0** |
| **CLASS 4** | **$0** |
| **CLASS 5A** | **$0** |
| **CLASS 5C** | **$0** |
| **CLASS 7** | **$0** |
| **SUB-TOTAL** | **$307,403** |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | **$30,640** |
| **TOTAL PAYMENT** | **$338,043** |

## SECTION IV. NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** _____

_____

**Name of Creditor Lienholder/Servicer:** _____
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** _____

_____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER:** _____

☐ Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

(attach page with legal description of property or document recording number as appropriate)

☐ Other collateral (add description such as judgment date, date and place of lien recording, book and page number):

_____

☐ 11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐ 11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above-described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under non-bankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐ (1) discharge under 11 U.S.C. § 1328, or

☐ (2) Upon completion of all Plan payments.

Value of collateral: ………………………………………………………………… $ _____
Liens reducing equity (to which subject lien can attach):
    $ _____ + $ _____ + $ _____ = $ _____
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ………… $ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form <u>Attachment B, C and/or D</u> to this Plan, as applicable. (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0-): …. $ _____

Note: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☑ **D. Other Non-Standard Plan Provisions (use attachment, if necessary):**

**Debtor is currently involved in a pending divorce proceeding and intends to sell the real property. Debtor estimates that the sale of the property will close on or before month 9 of the Plan.**

**The Debtor will file a Motion for Authority to Sell Real Property, and the Chapter 13 Trustee is authorized to make an escrow demand for the amount necessary to pay the Shellpoint Mortgage Servicing pre-petition arrears, the secured claim of Highland Mariposa HOA, the secured claim of the Internal Revenue Service, and the Chapter 13 Trustee's fees and costs attributable to payment of those claims.**

**The remaining balance of Shellpoint Mortgage Servicing's claim and the US Department of Housing and Urban Development claim are not being paid through the Plan. Those claims shall be paid directly through escrow outside the Plan.**

**The claim of Dustin Smith is purported to be secured by an abstract of judgment. However, the abstract of judgment appears to have been recorded in violation of the automatic stay in Debtor's prior bankruptcy (case no. 8:26-bk-10517-MH), rendering it a void and unsecured. If it is later discovered that this claim is secured by a properly recorded abstract of judgment, Debtor will amend his plan in order to avoid the lien under 11 U.S.C. §522(f).**

## SECTION V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: **5/11/2026**

/s/Benjamin Heston

BENJAMIN HESTON
**Attorney for Debtor(s)**

JONATHAN WALTER HOFFMANN
**Debtor**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A to Chapter 13 Plan/Confirmation Order**
**(11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))**

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

1.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 2nd lien on 123 Main St.)*: _____
        _____

*2.*     **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 3rd lien on 123 Main St.)*: _____
        _____

3.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 4th lien on 123 Main St.)*: _____
        _____

4.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 2nd lien on 456 Broadway)*: _____
        _____

5.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 3rd lien on 456 Broadway)*: _____
        _____

6.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 4th lien on 456 Broadway)*: _____
        _____

7.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 2nd lien on 789 Crest Ave.)*: _____
        _____

8.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 3rd lien on 789 Crest Ave.)*: _____
        _____

9.      **Creditor Lienholder/Servicer:** _____
        **Subject Lien** *(e.g., 4th lien on 789 Crest Ave.)*: _____
        _____

(Attach additional pages for more liens/provisions.)

**CERTIFICATION**: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on *(date)*: **5/11/2026**

*Printed name:* **Benjamin Heston**          *Signature:* **/s/ Benjamin Heston**
☑ Attorney for debtor(s) or    ☐ Debtor appearing without attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jonathan** | **Walter** | **Hoffmann** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number  **8:26-bk-11290-MH**
(if known)

Check if this is:

❑ An amended filing

❑ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. **Fill in your employment information.** | | | |
| If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☑ Employed<br>❑ Not employed | ❑ Employed<br>❑ Not employed |
| Include part-time, seasonal, or self-employed work. | **Occupation** | **Loan officer** | **N/A** |
| Occupation may include student or homemaker, if it applies. | **Employer's name** | **Clear Mortgage Capital** | |
| | **Employer's address** | **19800 Macarthur Blvd**<br>Number   Street | Number   Street |
| | | **Irvine, CA 92612-2421**<br>City   State   ZIP Code | City   State   ZIP Code |
| | **How long employed there?** | **6 years** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $0.00 | |
| 3. **Estimate and list monthly overtime pay.** | 3. + | $0.00 | + |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $0.00 | |

Official Form 106I                    **Schedule I: Your Income**                    page **1**

Debtor 1    **Jonathan          Walter          Hoffmann**          Case number *(if known)* **8:26-bk-11290-MH**
_____
First Name        Middle Name      Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| **Copy line 4 here**............................................................ ➜ 4. | $0.00 | |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** 5a. | $0.00 | |
| 5b. | **Mandatory contributions for retirement plans** 5b. | $0.00 | |
| 5c. | **Voluntary contributions for retirement plans** 5c. | $0.00 | |
| 5d. | **Required repayments of retirement fund loans** 5d. | $0.00 | |
| 5e. | **Insurance** 5e. | $0.00 | |
| 5f. | **Domestic support obligations** 5f. | $0.00 | |
| 5g. | **Union dues** 5g. | $0.00 | |
| 5h. | **Other deductions.** Specify: _____ 5h. + | $0.00 + | |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. 6. | $0.00 | |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. | $0.00 | |

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. $9,000.00

8b. **Interest and dividends** 8b. $0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. $0.00

8d. **Unemployment compensation** 8d. $0.00

8e. **Social Security** 8e. $0.00

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____ 8f. $0.00

8g. **Pension or retirement income** 8g. $0.00

8h. **Other monthly income.** Specify: _____ 8h. + $0.00 +

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. 9. $9,000.00

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. 10. $9,000.00 + _____ = $9,000.00

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____ 11. + $0.00

| Debtor 1 | Jonathan | Walter | Hoffmann | Case number *(if known)* **8:26-bk-11290-MH** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies

12.  |  **$9,000.00**
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain:  **Debtor works for commissions only and expects that his income will be steadily rising.**

Official Form 106I                    Schedule I: Your Income                    page **3**

| Debtor 1 | Jonathan | Walter | Hoffmann | Case number *(if known)* **8:26-bk-11290-MH** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**8a. Attached Statement**

## Clear Mortgage Capital

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | | |
|---|---|---|
| 1. | Gross Monthly Income: | **$16,000.00** |

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | | |
|---|---|---|
| 2. | Ordinary and necessary expense | **$7,000.00** |
| 3. | Net Employee Payroll (Other than debtor) | **$0.00** |
| 4. | Payroll Taxes | **$0.00** |
| 5. | Unemployment Taxes | **$0.00** |
| 6. | Worker's Compensation | **$0.00** |
| 7. | Other Taxes | **$0.00** |
| 8. | Inventory Purchases (Including raw materials) | **$0.00** |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | **$0.00** |
| 10. | Rent (Other than debtor's principal residence) | **$0.00** |
| 11. | Utilities | **$0.00** |
| 12. | Office Expenses and Supplies | **$0.00** |
| 13. | Repairs and Maintenance | **$0.00** |
| 14. | Vehicle Expenses | **$0.00** |
| 15. | Travel and Entertainment | **$0.00** |
| 16. | Equipment Rental and Leases | **$0.00** |
| 17. | Legal/Accounting/Other Professional Fees | **$0.00** |
| 18. | Insurance | **$0.00** |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | **$0.00** |
| 20. | Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts | |
| | TOTAL PAYMENTS TO SECURED CREDITORS | **$0.00** |
| 21. | Other Expenses | |
| | TOTAL OTHER EXPENSES | **$0.00** |
| 22. | TOTAL MONTHLY EXPENSES (Add item 2 - 21) | **$7,000.00** |

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | | |
|---|---|---|
| 23. | AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 1) | **$9,000.00** |

Fill in this information to identify your case:

Debtor 1    **Jonathan**        **Walter**        **Hoffmann**
_____
            First Name        Middle Name        Last Name

Debtor 2    _____
(Spouse, if filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    **Central District of California**

Case number    **8:26-bk-11290-MH**
(if known)

Check if this is:

❑ An amended filing

❑ A supplement showing postpetition chapter 13
   expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                    **12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ❑ Yes. **Does Debtor 2 live in a separate household?**

      ❑ No

      ❑ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2*.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ❑ No

   ☑ Yes. Fill out this information for each dependent...............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Child** | **15** | ❑ No.  ☑ Yes. |
| **Child** | **9** | ❑ No.  ☑ Yes. |
|  |  | ❑ No.  ❑ Yes. |
|  |  | ❑ No.  ❑ Yes. |
|  |  | ❑ No.  ❑ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ❑ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

|  |  | Your expenses |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. **$6,866.00** |
|  | **If not included in line 4:** |  |
| 4a. | Real estate taxes | 4a. **$0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. **$0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. **$0.00** |
| 4d. | Homeowner's association or condominium dues | 4d. **$120.00** |

Official Form 106J                    **Schedule J: Your Expenses**                    page **1**

Debtor 1    **Jonathan**    **Walter**    **Hoffmann**      Case number *(if known)* **8:26-bk-11290-MH**

First Name      Middle Name      Last Name

| | | **Your expenses** |
|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5.   $0.00 |
| 6. | **Utilities:** | |
| | 6a. Electricity, heat, natural gas | 6a.   $0.00 |
| | 6b. Water, sewer, garbage collection | 6b.   $0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c.   $200.00 |
| | 6d. Other. Specify: _____ | 6d.   $0.00 |
| 7. | **Food and housekeeping supplies** | 7.   $400.00 |
| 8. | **Childcare and children's education costs** | 8.   $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9.   $150.00 |
| 10. | **Personal care products and services** | 10.   $150.00 |
| 11. | **Medical and dental expenses** | 11.   $0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12.   $300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13.   $100.00 |
| 14. | **Charitable contributions and religious donations** | 14.   $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| | 15a. Life insurance | 15a.   $0.00 |
| | 15b. Health insurance | 15b.   $0.00 |
| | 15c. Vehicle insurance | 15c.   $0.00 |
| | 15d. Other insurance. Specify: _____ | 15d.   $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16.   $0.00 |
| 17. | **Installment or lease payments:** | |
| | 17a. Car payments for Vehicle 1 | 17a.   $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b.   $0.00 |
| | 17c. Other. Specify: _____ | 17c.   $0.00 |
| | 17d. Other. Specify: _____ | 17d.   $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18.   $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19.   $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | |
| | 20a. Mortgages on other property | 20a.   $0.00 |
| | 20b. Real estate taxes | 20b.   $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c.   $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d.   $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e.   $0.00 |

| Debtor 1 | Jonathan | Walter | Hoffmann | | Case number *(if known)* | **8:26-bk-11290-MH** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

21. **Other.** Specify: _____          21.  +  _____ **$0.00**

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.          22a.  _____ **$8,286.00**

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2          22b.  _____ **$0.00**

    22c. Add line 22a and 22b. The result is your monthly expenses.          22c.  _____ **$8,286.00**

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from *Schedule I.*          23a.  _____ **$9,000.00**

    23b. Copy your monthly expenses from line 22c above.          23b.  –  _____ **$8,286.00**

    23c. Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*          23c.  _____ **$714.00**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.     Debtor's living expenses will change drastically once he sells his home.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 12, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR)    efile@ch13ac.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Amitkumar Sharma    amit.sharma@aisinfo.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **May 12, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| **Judge Mark D. Houle** | **Shellpoint Mortgage Servicing** | **Internal Revenue Service** |
| **411 West Fourth Street** | **PO Box 10826** | **Centralized Insolvency Operation** |
| **Suite 6135 / Courtroom 6C** | **Greenville, SC 29603** | **PO Box 7346** |
| **Santa Ana, CA 92701-4593** | | **Philadelphia, PA 19101-7346** |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 7, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 12, 2026 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.