Amrane Cohen, Chapter 13 Trustee
Linda S. Conway (SBN 158634)
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
Office email: efile@ch13ac.com
Direct email: lindac@ch13ac.com

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re: | **Case No.: 8:26-bk-11290-MH** |
|---|---|
| JONATHAN WALTER HOFFMANN | Chapter 13 |
| | **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | § 341(a) Meeting: |
| | Date:        July 16, 2026 |
| | Time:        9:00 am |
| Debtor(s) | Place:        Video Conference |
| | Confirmation Hearing: |
| | Date:        July 27, 2026 |
| | Time:        11:00 am |
| | Courtroom:   6C |
| | Address:     411 West Fourth Street, |
| | Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby

objects to confirmation of Debtor's Chapter 13 Plan filed May 11, 2026 [Docket No. 16] (the

"Plan"), the confirmation hearing for which is set on the date, time, and location indicated

above.

1

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.[1]

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing.  Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

The claims bar date for non-governmental entities of July 6, 2026, has not passed but will have passed as of the confirmation hearing.  To ensure Plan feasibility and that all allowed claims are provided for in the Plan, the Trustee requests that Debtor reviews proofs of claim filed as of the claims bar date.

Pursuant to 11 U.S.C. § 1302(b)(2)(B), the Trustee "shall … appear and be heard at any hearing that concerns … confirmation of a plan."  In furtherance of this duty, the Trustee objects to confirmation on the following grounds:

1. Debtor has failed to tender the required plan payments.  LBR 3015-1(k)(1)(A), 11 U.S.C. § 1326(a).

///

///

///

---

[1]  The Local Bankruptcy Rules may be found at http://www.cacb.uscourts.gov/local-rules.

2.    Debtor has failed to file a Declaration Setting Forth Postpetition, Preconfirmation Payments on: 1) Deeds of Trust Payments [or Mortgages]; 2) Leases on Personal Property: 3) Purchase Money Security Liens on Personal Property [LBR 3015-1(e) and LBR 3015-1(m)].

3.    Debtor has not filed a Declaration Re Filing of Tax Returns and Payment of Domestic Support Obligations.  LBR 3015-1(b)(4).  11 U.S.C. §§ 1308, 1325(a)(9).

4.    The following income tax returns have not been provided to the Trustee: 2025 State and Federal.

5.    Debtor testified at the § 341(a) meeting that the 2025 tax returns have not been filed. 11 U.S.C. § 1308.

6.    Debtor is a self-employed loan officer.  The Trustee has not received the required business report, questionnaire, and documentation of relevant licenses and insurance.  LBR 3015-1(c)(4). Trustee received only a profit and loss statement for August 2025 through February 2025 without supporting documentation.  At the 341(a) Meeting, Trustee requested March 2025 and support and that the Debtor submit a business budget on the Trustee's form.

7.    Debtor does not have the ability to fund the Plan.  Disclosed disposable income is $714.00 whereas the plan payment is $1,310.00 for months 1 through 60 with a payment of $259,443.00 in month 9.

8.    The Santander Consumer USA Inc. d/b/a Chrysler Capital ("Santander") Proof of Claim No. 9 ("Santander POC") includes arrears in the amount of $16,253.75 and reflects that the debt is for a 2015 Volkswagen GTI for which the final payment comes due on August 25, 2028.  The cure and maintain provision of 11 U.S.C.  § 1322(b)(5) is not applicable in this case

because the final payment comes due during the Plan term.  The Santander debt is properly treated in Class 3C and the entire debt paid in full through the Plan.

9.  The Trustee objects to Debtor being the disbursing agent and requests that any order confirming the Plan provide that the Trustee is the disbursing agent.  Pursuant to the Plan, the arrears to Shellpoint Mortgage are $113,000.00.  Pursuant to Schedule J filed on May 11, 2026 [Docket No. 13], the mortgage payment is $6,866.00 per month.  Therefore, the arrears owed to Shellpoint Mortgage are approximately 16 months of mortgage payments. Debtor previously filed four (4) bankruptcy cases.  The most recent filing is Chapter 13 Case No. 8:26-bk-10517-MH which was dismissed on March 25, 2026 before confirmation for failure to file information.

10. Debtor proposes a lump sum payment in month 9 from the sale of real property. Trustee objects to any period longer than 6 months.  Because the Plan is to be funded from the proceeds of the sale of the real property, Debtor's Plan must include language at IV. D. Other Non-Standard Plan Provisions providing that the Debtor will sell the real property by month 6 and pledge all of the sale proceeds to the Plan to be disbursed by the Trustee.

11. To ensure compliance with 11 U.S.C. § 1325 (a)(6), Debtor must establish the ability to make the Plan payments.  Based on the representations made at the 341(a) Meeting, there is no sale of the real property pending.  Trustee has not received any motion to approve a sale. Additionally, on Schedule J, Debtor lists monthly net income in the amount of $714.00. Debtor has not established that the Plan is feasible.

///

///

4

12. The Trustee reserves the right to supplement this objection or raise additional grounds for objection at the confirmation hearing.  The filing of this objection does not in any way limit the Trustee's duty to appear and be heard at hearings which concern confirmation of a plan.  11 U.S.C. § 1302(b)(2)(B).

Based on the foregoing, the Trustee requests that confirmation be denied and that the case be dismissed or converted, whichever is in the best interests of creditors.

Dated: June 18, 2026                                   /s/ Linda S. Conway
                                                                   Staff Attorney for
                                                                   Amrane Cohen, Chapter 13 Trustee

## **DECLARATION**

I, Linda S. Conway, declare that I am employed as a staff attorney for Amrane Cohen, Chapter 13 Trustee in this case ("Trustee").  The Trustee is the duly appointed chapter 13 trustee in the instant case.  I have personally reviewed the files and records maintained by the Trustee in this case and the facts stated this objection are true and correct to the best of my knowledge.  I declare under the penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2026                                   By: /s/ Linda S. Conway
                                                                        Attorney for Amrane Cohen, Chapter 13 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/18/26, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen   efile@ch13ac.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Benjamin Heston bhestonecf@gmail.com

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) 6/18/26, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jonathan Walter Hoffmann
19800 Macarthur Blvd Ste 880
Irvine, CA 92612

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. MARK D HOULE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/18/26 | Aldo Amaya | /s/ Aldo Amaya |
|---------|------------|----------------|
| *Date*  | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.